UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:23-cv-1037-SDM/AEP

LAURA MORALES,

    Plaintiff,

v.

RACETRAC , INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, LAURA MORALES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, RACETRAC ~, INC., a Foreign Profit Corporation ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This action seeks damages as a result of discrimination and retaliation predicated on the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Plaintiff was at all times relevant to this action, working for Defendant at the Racetrac Location at 29843 FL-54, Wesley Chapel in Pasco County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FMLA.

2. Defendant, RACETRAC, INC., has been organized and existing under the laws of the State of Florida, and has been an "employer" as that term is used under the applicable laws set forth above.

3. Defendant, RACETRAC, INC. is authorized to conduct business in Pasco County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years. Defendant is a covered employer for purposes of the FMLA.

5. Prior to seeking medical leave to care for his spouse pursuant to the FMLA, Plaintiff had been employed by Defendant for at least twelve (12) months, and he had worked at least 1,250 hours during those twelve (12) months. Plaintiff is a covered employee for purposes of the FMLA. Plaintiff was also entitled to take FMLA leave.

6. Venue is proper in Pasco County because all of the actions that form the basis of this Complaint occurred within Pasco County and payment was due in Pasco County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendant as a guest service associate earning $13 an hour from October 25, 2021 through February 6, 2023.

10. Plaintiff worked more than one year and obtained the prerequisite 1250 hours of work required in order to be a qualified employee pursuant to the FMLA. Plaintiff worked 40 hours per week and after she had a stroke, she worked 20 hours per week.

11. Plaintiff had a stroke in June of 2022. She had an unpaid leave of absence for a month and returned in July of 2022 with restrictions that were accommodated by the employer through the ADA interactive process based on physicians orders.

12. Plaintiff's job activities included cooking, washing dishes, running the register, restocking cigarettes, working the front face and cleaning tables.

13. Plaintiff's supervisor was Vanessa LNU.

14. Plaintiff had bronchitis in December of 2022 and took a few days off work around December 25th.

15. In February of 2023, she was feeling ill and went to the hospital. She informed her employer and still had more than enough FMLA time to use for her own medical reasons.

16. Jacob LNU and Jeremy LNU were shift managers. The instructed Plaintiff to apply for FMLA and call in to get it approved when they sent her home.

17. Plaintiff followed the instructions of Jacob and Jeremy and the result was her termination for excessive absences on February 6, 2023.

18. Plaintiff did not have excessive absences because her FMLA was sill active, valid and useable.

19. In retaliation for attempting to use his FMLA rights as well as being late for work, Defendant fired Plaintiff.

20. Defendant proffered no legitimate, non-retaliatory reason for terminating Plaintiff as any reason is pretextual.

21. But for her attempted use of FMLA medical leave, Plaintiff believes she would have been accommodated and not terminated.

22. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion, and in satisfactory and above satisfactory levels.

## COUNT I
### *Retaliation Under the FMLA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. Plaintiff is an individual entitled to protection under the FMLA having worked the prerequisite number of hours during the prior year.

25. Plaintiff is an employee of Defendant within the meaning of the FMLA.

26. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

27. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

28. Defendant's actions constitute a violation of the FMLA.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 9, 2023              Respectfully submitted,

/s/ *Daniel H. Hunt*
Daniel H. Hunt, Esq.
Florida Bar No. 121247
P.O. Box 565096
Miami, FL 33256
Tel. (305) 495-5593
dhuntlaw@gmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on SEPTEMBER 9, 2023 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the Defendant's Counsel.

*By:* **/s/** *Daniel H. Hunt, Esq.*
Daniel H. Hunt, Esq.
Florida Bar No. 121247

## SERVICE LIST

Emily Chase-Sosnoff
Florida Bar No. 1013901
echase-sosnoff@fordharrison.com
Hannah M. Yoder
Florida Bar No. 1018286
hyoder@fordharrison.com
401 E Jackson Street, Suite 2500
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendant, RaceTrac, Inc